# Exhibit 21

United States v. Bishop-Oyedepo, 480 Fed. App'x 431, 433-34 (7th Cir. 2012); United States v. Jenkins-Watt, 574 F.3d 950, 965 (8th Cir. 2009). The Commission concluded that basing the enhancement on the defendant's own intentional conduct better reflects the defendant's culpability and will appropriately minimize application of this enhancement to less culpable offenders.

<u>Fraud on the Market</u>

Finally, the amendment revises the special rule at Application Note 3(F)(ix) relating to the calculation of loss in cases involving the fraudulent inflation or deflation in the value of a publicly traded security or commodity. When this special rule was added to the guidelines, it established a rebuttable presumption that the specified loss calculation methodology provides a reasonable estimate of the actual loss in such cases. As amended, the method provided in the special rule is no longer the presumed starting point for calculating loss in these cases. Instead, the revised special rule states that the provided method is one method that courts may consider, but that courts, in determining loss, are free to use any method that is appropriate and practicable under the circumstances. This amendment reflects the Commission's view that the most appropriate method to determine a reasonable estimate of loss will often vary in these highly complex and fact-intensive cases.

This amendment, in combination with related revisions to the mitigating role guideline at §3B1.2 (Mitigating Role), reflects the Commission's overall goal of focusing the economic crime guideline more on qualitative harm to victims and individual offender culpability.

4. Amendment: Section 2D1.1(c) is amended in each of subdivisions (5), (6), (7), (8), and (9) by striking the lines referenced to Schedule III Hydrocodone;

and in each of subdivisions (10), (11), (12), (13), (14), (15), (16), and (17) by striking the lines referenced to Schedule III Hydrocodone, and in the lines referenced to Schedule III substances (except Ketamine or Hydrocodone) by striking "or Hydrocodone".

The annotation to §2D1.1(c) captioned "Notes to Drug Quantity Table" is amended in Note (B) in the last paragraph by striking "The term 'Oxycodone (actual)' refers" and inserting "The terms 'Hydrocodone (actual)' and 'Oxycodone (actual)' refer".

The Commentary to §2D1.1 captioned "Application Notes" is amended in Note 8(D), under the heading relating to Schedule I or II Opiates, by striking the line referenced to Hydrocodone/Dihydrocodeinone and inserting the following:

"     1 gm of Hydrocodone (actual) =                6700 gm of marihuana";

30